IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN A. KLINK and<br>KATHLEEN KLINK | :<br>:<br>: |
| v. | :   CIVIL ACTION NO. 02-4407<br>: |
| STATE FARM MUTUAL AUTOMOBILE<br>INSURANCE CO. | :<br>: |

<u>ORDER</u>

AND NOW, this      day of           , 2002, upon consideration of Plaintiffs' Motion to Remand, IT IS ORDERED that this action is dismissed, and the case is remanded to the Court of Common Pleas of Montgomery County, Pennsylvania.  IT IS FURTHER ORDERED that defendant, State Farm Mutual Automobile Insurance Co., is directed to pay the costs of removal and a reasonable counsel fee to plaintiffs, the latter to be assessed pursuant to Motion filed within fourteen (14) days, as provided by F.R.C.P. 54(d)(2).

BY THE COURT:

_____
R. Barclay Surrick, U.S.D.J.

```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JOHN A. KLINK and                :
KATHLEEN KLINK                   :
                                 :
          v.                     :   CIVIL ACTION NO. 02-4407
                                 :
STATE FARM MUTUAL AUTOMOBILE     :
INSURANCE CO.                    :
```

PLAINTIFFS' MOTION TO REMAND TO THE
COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

       Plaintiffs, John A. Klink and Kathleen Klink, by their attorney, moves the Court to remand this case to the Court of Common Pleas of Montgomery County, Pennsylvania, and in support avers:

       1.  This declaratory judgment action was commenced on June 5, 2002, in the Court of Common Pleas of Montgomery County, Pennsylvania, where it was assigned No. 02-10367.

       2.  On July 2, 2002, defendant filed a Notice of Removal to this Court.  The basis for this Court's jurisdiction is diversity of citizenship.  No federal questions are presented.

       3.  The dispute between the parties concerns defendant State Farm's reduction of the underinsured motorist liability limits contained in the automobile policy issued to plaintiff, John A. Klink, without obtaining the documentation required by

Pennsylvania law.

    4. Plaintiffs assert that their entitlement to the higher limits is mandated by a decision of the Superior Court of Pennsylvania.

    5. Defendant asserts that it was entitled to reduce the limits of coverage based on several unreported Federal District Court decisions.

    6. For the reasons set forth in the attached Memorandum of Law, it would be an abuse of discretion if this Court did not remand this case to State Court.

    WHEREFORE, plaintiffs pray that this Court enter an Order remanding this case to the Court of Common Pleas of Montgomery County, Pennsylvania, and impose costs and counsel fees on the defendant pursuant to 28 U.S.C. §1447(c).

_____
Peter I. Daniele, Esquire
Attorney I. D. No. 22636
1730 Forest Creek Drive
Blue Bell PA  19422
(610) 272-0916
Attorney for Plaintiffs,
John A. Klink and Kathleen Klink

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN A. KLINK and                   :
KATHLEEN KLINK                      :
                                    :
         v.                         :   CIVIL ACTION NO. 02-4407
                                    :
STATE FARM MUTUAL AUTOMOBILE        :
INSURANCE CO.                       :

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION TO REMAND TO THE
COURT OF COMMON PLEAS OF MONTGOMERY COUNTY, PENNSYLVANIA

This case involves a dispute between insureds and their insurer over the amount of uninsured/underinsured motorist coverage. Plaintiff, Kathleen Klink, was seriously injured in an automobile accident on September 14, 1999. The damages suffered exceed the limits of liability of the tortfeasor's automobile policy, so Ms. Klink has demanded underinsured coverage from her automobile insurer and that of her husband, John A. Klink, in whose automobile she was a passenger at the time of the accident. The insurer, defendant State Farm, does not have documentation required by law requesting uninsured/underinsured limits lower than the limits of the liability portion of John A. Klink's policy, $100,000. per person and $300,000. per accident.

Because of the lack of this required written request, and the provisions of the Pennsylvania Motor Vehicle Financial

Responsibility Law, as interpreted by the Superior Court of Pennsylvania in <u>Botsko v. Donegal Mutual Insurance Co</u>., 423 Pa. Super. 41, 620 A.2d 30, <u>allocatur denied</u>, 536 Pa. 624, 637 A.2d 284 (1993), the uninsured and underinsured limits of the John Klink policy are equal to his limits of liability.  State Farm asserts that the uninsured/underinsured motorist limits are only $15,000. per person, and $30,000. per accident, based on several unreported decisions:  <u>Dang v. State Farm Mutual Automobile Insurance Company</u>, 1996 WL 421942, 1996 U.S. Dist. LEXIS 10359 (E.D.Pa. 1996) <u>aff'd. without opinion</u>, 111 F.3d 126 (3d Cir. 1997), <u>Nationwide Insurance Company v. Tatorno</u>, 1991 WL 24921, 1991 U.S. Dist. LEXIS 2169 (E.D.Pa. 1991), and <u>Nationwide Insurance Company v. Buffetta</u>, 1999 WL 740395 (E.D.Pa. 1999) <u>aff'd</u>., 230 F.2d 634 (3d Cir. 2000), which disagree with <u>Botsko</u>, and <u>Lewis v. Erie Insurance Exchange</u>,      Pa.     , 793 A.2d 143 (2002),and <u>Clifford v. Prudential Property and Casualty Insurance Co</u>., 2001 WL 1076582, 2001 U.S. Dist. LEXIS 13808 (M.D.Pa. 2001), which deal with technical violations, and not the complete absence of the writing required by statute.

  A Federal District Court's power to enter a declaratory judgment is discretionary.  <u>State Auto Insurance Companies v. Summy</u>, 234 F.3d 131 (3d Cir. 2001), holds that in an insurance coverage dispute, involving issues of state law such as this, the

proper exercise of discretion requires that the action be dismissed. In this case, since the action was removed from state court it should be remanded there, not dismissed.

>The statute, 28 U.S.C. §2001(a), provides:
>
>> "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, <u>may</u> declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such." [emphasis added]

The Third Circuit in <u>Summy</u>, relying on a line of United States Supreme Court decisions culminating in <u>Wilton v. Seven Falls Company</u>, 515 U.S. 277, 132 L.Ed.2d 214, 115 S.Ct. 2137 (1995), and on its decision in <u>Terra Nova Insurance Company, Ltd. v. 900 Bar, Inc</u>., 887 F.2d 1213 (3d Cir. 1989), reversed a decision of the district court declaring rights under an insurance policy. The Court relied on the pendency of a similar declaratory judgment action in state court, filed <u>after</u> the federal declaratory judgment action, avoidance of duplicative litigation, familiarity of the state court with the underlying dispute, the complete lack of federal interest in declaring state insurance law, and the fact that the parties to a state court action could obtain a definitive construction of state law, while federal courts could

3

only predict it.  In finding an abuse of discretion by the district court in retaining jurisdiction over the action, the Third Circuit concluded:

> "In order to maintain the proper relationship between federal and state courts, it is important that district courts 'step back' and allow the state courts the opportunity to resolve unsettled state law matters.  As <u>Wilton</u> reminded us, the Declaratory Judgment Act confers a discretion on the courts rather than an absolute right on litigants.  <u>Wilton</u>, 515 U.S. at 287, 115 S.Ct. 2137.  It follows that the state's interest in resolving its own law must not be given short shrift simply because one party or, indeed, both parties, perceive some advantage in the federal forum. When the state law is firmly established, there would seem to be even less reason for the parties to resort to the federal courts. Unusual circumstances may occasionally justify such action, but declaratory judgments in such cases should be rare."  234 F.3d at 136

In <u>Allstate Insurance Company v. Seelye</u>, 198 F. Supp.2d 629 (W.D. Pa. 2002), the Court declined to exercise jurisdiction in a case addressing the entitlement to stacked uninsured motorist coverage where state law was well settled, even though there was no pending parallel state court proceeding.  In the present case, the only reason there is no state court proceeding is that it was removed to this Court.

The Klinks maintain that this action is clearly controlled by a decision of the Superior Court of Pennsylvania.

4

State Farm asserts that other cases suggest a different result. The issue has not been resolved by the Pennsylvania Supreme Court.

Other cases from this Circuit in which federal courts have declined to intervene in a dispute over the meaning of insurance policies include: <u>Pacific Insurance Co. v. Green Spring Health</u>, 2001 WL 41141 (E.D.Pa. 2001); <u>Nationwide Mutual Fire Insurance Company v. Cassel</u>, 881 F. Supp. 133 (M.D. Pa. 1994); <u>Thompson Estate v. American Fire and Casualty Co</u>., 1992 WL 195342 (E.D.Pa. 1992). This case should be remanded to the Court of Common Pleas of Montgomery County.

Counsel fees and costs should also be awarded pursuant to 28 U.S.C. §1447(c):

> "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case."

It is submitted that this action was removed by State Farm in order to avoid a common pleas and intermediate appellate decision

which would necessarily follow <u>Botsko v. Donegal Mutual Insurance Co</u>., 423 Pa. Super. 41, 620 A.2d 30, <u>allocatur denied</u>, 536 Pa. 624, 637 A.2d 284 (1993).  This Court should also direct the payment of counsel fees by State Farm and the reasonable costs of this Motion.

 

_____
Peter I. Daniele, Esquire
Attorney I. D. No. 22636
1730 Forest Creek Drive
Blue Bell PA  19422
(610) 272-0916
Attorney for Plaintiffs,
John A. Klink and Kathleen Klink

CERTIFICATE OF SERVICE

      I, PETER I. DANIELE, Esquire, hereby certify that on the date set forth below a true and correct copy of the foregoing Plaintiffs' Motion to Remand to the Court of Common Pleas of Montgomery County and Memorandum of Law in support thereof were served upon the following counsel in the manner indicated:

      Service by first class mail, postage prepaid, as follows:

      Teresa Ficken Sachs, Esquire
      Attorney I. D. No. 41136
      Britt, Hankins, Schaible & Moughan
      Two Penn Center Plaza, Suite 515
      Philadelphia PA  19102
      (215) 569-6949

      _____
      Peter I. Daniele, Esquire
      Attorney I. D. No. 22636
      1730 Forest Creek Drive
      Blue Bell PA  19422
      (610) 272-0916
      Attorney for Plaintiffs,
      John A. Klink and Kathleen Klink

Date:  July 25, 2002