IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOHN A. KLINK and** | : | **CIVIL ACTION** |
| **KATHLEEN KLINK** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **STATE FARM MUTUAL** | : | |
| **AUTOMOBILE INSURANCE CO** | : | **NO.: 02-CV-4407** |

**O R D E R**

AND NOW, this         Day of                  , 2002, upon consideration of Plaintiffs' Petition for Remand and Defendant's Response in Opposition thereto, it is hereby ORDERED AND DECREED that Plaintiff's Petition is DENIED.

BY THE COURT:

_____
                                                        J.

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN A. KLINK and | : | CIVIL ACTION |
| KATHLEEN KLINK | : | |
| | : | |
| v. | : | |
| | : | |
| STATE FARM MUTUAL | : | |
| AUTOMOBILE INSURANCE CO. | : | NO.: 02-CV-4407 |

**RESPONSE OF DEFENDANT, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, IN OPPOSITION TO MOTION FOR REMAND**

1-2.   Admitted.

3.   Denied.  Plaintiff John Klink selected and paid for reduced limits of underinsured motorist coverage.

4.   Denied.

5.   Denied.  State Farm asserts that caselaw in both state and federal courts, and the statute itself, compel enforcement of the reduced limits of UIM coverage under the circumstances of this case.

6.   Denied. Jurisdiction is proper in this Court and should be retained.  By way of further response, any challenge to the exercise of discretionary jurisdiction would properly be made through a Motion under Rule 12(b), not a motion for remand.

WHEREFORE, Defendant, State Farm Mutual Automobile Insurance Company, respectfully urges that the Motion for Remand be denied.

        Respectfully submitted,

        BRITT, HANKINS, SCHAIBLE & MOUGHAN

BY: _____
        Teresa Ficken Sachs
        Attorneys for Defendant
        Attorney I.D. No.: 41136

        Suite 515, Two Penn Center Plaza
        15th & JFK Boulevard
        Philadelphia, PA   19102
        (215) 569-6900

Date: _____

IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN A. KLINK and | : | CIVIL ACTION |
| KATHLEEN KLINK | : | |
| | : | |
| v. | : | |
| | : | |
| STATE FARM MUTUAL | : | |
| AUTOMOBILE INSURANCE CO. | : | NO.: 02-CV-4407 |

MEMORANDUM OF LAW IN
OPPOSITION TO MOTION TO REMAND

I.   INTRODUCTION

This is an insurance coverage case brought by the Klinks against State Farm Mutual Automobile Insurance Company ("State Farm") in the Court of Common Pleas of Montgomery County, Pennsylvania. State Farm properly removed the case to the federal forum. Jurisdiction is based upon diversity of citizenship under 28 U.S.C. §1332(a)(1), and there is no dispute that the removal was properly accomplished in accordance with 28 U.S.C. §1446.

The Klinks are now attempting to have the case remanded on the theory that this Court's jurisdiction is discretionary and should not be exercised in this case. The caselaw relied upon by the Klinks, however, is clearly distinguishable, because that caselaw relates to federal courts' discretion to decline jurisdiction where the same parties and issues are pending in a state court proceeding. That is not the case here, and the Supreme Court's most

recent opinion on this issue suggests that failing to exercise discretionary jurisdiction where no parallel state proceedings are pending may represent an abuse of that discretion. <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 115 S.Ct.2137, 132 L.Ed. 214 (1995). There is no unusual state law question, no danger of duplicative or piecemeal litigation, and no reason why this case cannot be heard even more conveniently and expeditiously in this Court. Accordingly, the Motion for Remand should be denied.

II.   **THE <u>SUMMY</u> CASE IS DISTINGUISHABLE AND A REVIEW OF THAT CASE AND SUPREME COURT CASELAW SUPPORTS JURISDICTION IN THIS CASE**

The Klinks rely upon the Third Circuit's opinion in <u>State Auto Ins. Cos. v. Summy</u>, 234 F.3d 131 (3d Cir. 2001) in support of their argument that this case should be remanded. However, <u>Summy</u> is clearly distinguishable. In <u>Summy</u>, a personal injury action alleging injuries to a minor from lead paint exposure was filed in state court (the Court of Common Pleas of Lancaster County) against the insured/landlord. The landlord's carrier subsequently filed a declaratory judgment action in the District Court; the landlord filed a declaratory judgment action on the same issue (a pollution exclusion) in the state court. All three suits proceeded, but the federal declaratory judgment action was adjudicated first; the state court then applied the doctrine of <u>res judicata</u> in the state declaratory judgment action. On appeal, the Third Circuit held that under these circumstances, the district court should have declined to exercise its jurisdiction:

> At the time the court denied [the landlord's] motion to dismiss, [the minor's] personal injury suit and [the landlord's] petition for declaratory judgment were both pending in state court

> before the same judge, who was presumably already familiar with the insurance policy and with the scientific evidence available on lead paint poisoning. Judicial efficiency was not promoted when the District Court also considered this evidence, as it inevitably had to when deciding the federal declaratory judgment action. If the District Court had not interfered, the state court would have been able to develop a coordinated schedule of briefing and discovery that would have promoted the efficient resolution of both the declaratory judgment action and the underlying tort action, thereby conserving judicial resources as well as those of the parties.

234 F.3d 131, 135-136 (footnote omitted).

The Third Circuit in Summy listed the following as "relevant considerations" in determining whether to hear declaratory judgment actions involving insurance coverage issues:

> 1. A general policy of restraint when the same issues are pending in a state court;
> 2. An inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion;
> 3. Avoidance of duplicative litigation.

Id. at 134, citing United States v. Commonwealth of Pennsylvania, Department of Environmental Resources, 923 F.2d 1071, 1075 (3d Cir. 1991). The Third Circuit also cited a law review article which had concluded that district courts may properly refuse to exercise jurisdiction "where issues before state and federal courts are substantially the same and entertaining [the federal] action would only duplicate judicial effort." Id. at 133, citing Edwin Borchard, Discretion to Refuse Jurisdiction of Actions for Declaratory Judgments, 26 Minn. L. Rev. 677 (1942).

In reaching its result, the Third Circuit looked to the cases of <u>Brillhart v. Excess Ins. Co. of America</u>, 316 U.S. 491, 495, 625 S.Ct. 1173, 86 L.Ed. 1620 (1942) and <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 279, 115 S.Ct. 2137, 132 L.Ed. 2d 214 (1995), both cases where the discretionary nature of federal declaratory judgment jurisdiction was at issue in light of "parallel proceedings in state court." In <u>Brillhart</u>, the Supreme Court held that the district court had <u>abused</u> its discretion in dismissing a federal declaratory judgment case on the basis of pending state court litigation without first determining whether all claims being raised in the federal action could be raised in the pending state court action. The central focus of the Supreme Court's opinion was the nature of the federal action vis-a-vis the ongoing state one:

> Ordinarily it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit <u>where another suit is pending in a state court presenting the same issues, not governed by federal law, between the same parties</u>.

<u>Id</u>. at 495, 62 S.Ct. At 1175-76 (emphasis supplied). It is in those circumstances that the federal court should ascertain whether the controversy can be better settled in the state court proceeding. <u>Id</u>.

Subsequently, in <u>Colorado River Water Conservation Dist. v. United States</u>, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed. 2d 483 (1976), the Court emphasized that the federal courts have a "virtually unflagging obligation" to exercise the jurisdiction conferred on them by Congress and could decline to do so only in "exceptional circumstances." In <u>Wilton</u>, however, the Supreme Court clarified that the district courts retain broader discretion in declaratory judgment actions and that the district court in <u>Wilton</u> had

>acted within its bounds in staying this action for declaratory relief <u>where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court</u>.

<u>Wilton</u>, 515 U.S. 277, 290, 115 S.Ct. 2137, 2144 (emphasis supplied).

Thus, <u>Summy</u> and the Supreme Court cases upon which it relied all involved analysis of discretionary jurisdiction where another parallel proceeding was pending in state court. <u>See</u> also, e.g., <u>Pacific Ins. Co. v. Green Spring Health</u>, 2001 WL 41141 (E.D. Pa. 2001), in which Judge Schiller granted a motion to dismiss a declaratory judgment action where an underlying class action which would ultimately resolve the same coverage issues had already been pending in the court of common pleas for two years. The <u>Pacific</u> opinion cites three other Eastern District cases in which the courts declined jurisdiction over federal declaratory judgment actions <u>where there were other cases pending in state court</u>. In one of those, <u>Great Atlantic & Pacific Tea Company v. Adelco Sales & Service, Inc.</u>, 1994 WL 702873 (E.D. Pa. 1994), the court stated:

>In cases involving a request for declaratory judgment <u>that also involve an on-going state court proceeding</u>, a district court may decline to entertain jurisdiction. The Third Circuit concluded that a district court's analysis of its discretionary right to decline jurisdiction <u>because of the state proceeding</u> is broader than the *Colorado River* abstention doctrine that permits a district court normally to abstain in only exceptional circumstances. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). *See also Terra Nova Ins. Co. v. 900 Bar, Inc.*, 887 F.2d 1213, 1223-24 (3d Cir. 1989).

(emphasis supplied). <u>Cf</u>. <u>Nationwide Mut. Fire Ins. Co. v. Cassel</u>, 881 F.Supp. 133 (E.D. Pa. 1994) (pending state law case would resolve same issues, and all issues would thus be

resolved in one forum); Thompson v. American Fire and Cas. Co., 1992 WL 195342 (E.D. Pa. 1992) (where the liability case was still ongoing in state court, the federal court's opinion as to the extent of liability coverage available would be premature and perhaps advisory).

In fact, even under the Brillhart/Wilton standard, the district court's discretion to decline jurisdiction is "not unfettered" and "a parallel state court proceeding is a necessary prerequisite". Clay Regional Water v. City of Spirit Lake, Iowa, 193 F.Supp. 2d 1129, 1137, 1139 (N.D. Iowa 2002):

> Before analyzing which standard of discretion applies to this case, **a parallel state court proceeding is a necessary prerequisite to use of either the *Colorado River-Moses H. Cone* or *Brillhart* standards of abstention.** *See Colorado River,* 424 U.S. at 817-18, 96 S.Ct. 1236; *Wilton,* 515 U.S. at 279, 115 S. Ct. 2137; *Brillhart,* 316 U.S. at 495, 62 S.Ct. 1173; *accord* ***Kirkbride v. Continental Cas. Co.*, 933 F.2d 729, 734 (9th Cir. 1991) (finding *Colorado River* doctrine inapplicable because there was no concurrent or pending state court proceeding after case was removed to federal court);**
> 
> . . . .

(emphasis supplied). As in Kirkbride, the only state action in this case was the action removed to this Court, and thus discretionary jurisdiction cannot be declined on this basis. No Third Circuit or Supreme Court case has authorized declining jurisdiction on this basis, and the weight of authority in other circuits is to the contrary. See discussion in Kirkbride, 933 F.2d 729 at 733-35. There simply is no concurrent or pending state court proceeding.

Applying the Brillhart analysis, as the Third Circuit did in Summy, leads in this case to the opposite result. It would be an abuse of discretion to dismiss this case where it is equally convenient for the parties, there are no concerns of duplicative or piecemeal

litigation, there are no unusual legal issues, and there is no reason why the federal court is not equally competent to resolve the issues. In fact, the Supreme Court in <u>Wilton</u> suggested (but did not decide) that declining to exercise jurisdiction where there is no parallel state proceeding may be a circumstance that would constitute an abuse of discretion:

> We do not attempt at this time to delineate the outer boundaries of that discretion in other cases, for example, cases raising issues of federal law <u>or cases in which there are no parallel state proceedings</u>. Like the Court of Appeals, we conclude only that the District Court acted within its bounds in staying this action for declaratory relief where parallel proceedings, presenting opportunity for ventilation of the same state law issues, were underway in state court.

<u>Id</u>. at 290 (emphasis supplied).

In addition to the <u>Brillhart</u> factors, the Third Circuit had in an earlier opinion identified several other factors that may be considered in determining whether to extend discretionary jurisdiction:

(1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;

(2) the convenience of the parties;

(3) the public interest in settlement of the uncertainty of obligation; and

(4) the availability and relative convenience of other remedies.

<u>United States v. Commonwealth of Pa., Dept. of Environmental Resources</u>, 923 F.2d 1071, 1075 (3d Cir. 1991). Applying these additional factors likewise weighs in favor of

continuing the action in this court: this court's declaration will resolve the uncertainty that gave rise to this litigation, it is equally or more convenient for both parties, and will be resolved more expeditiously here, and because there <u>is</u> no longer any pending state action and remand is not appropriate (see discussion below), there is no other available or convenient remedy.

Finally, although the Klinks have characterized their motion as one for remand, such an order would not be reviewable on appeal (28 U.S.C. §1447(d)), and any discretionary abstention must be reviewable for abuse of that discretion. <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 289-290. <u>See</u> <u>also</u>, <u>e.g.</u>, <u>Brillhart</u>, <u>supra</u> (Supreme Court explaining that abuse of discretion standard must be applied); <u>United States v. Commonwealth of Pa., Dept. of Environmental Resources</u>, 923 F.2d 1071 (3d Cir. 1991) (district court abused its discretion in declining to exercise jurisdiction under the Declaratory Judgment Act; the Third Circuit noted that because the Act should have liberal interpretation, the district court's discretion is somewhat circumscribed and the range of the Court of Appeal's scope of review is correspondingly enlarged); <u>Summy</u>, <u>supra</u>, (applying abuse of discretion standard).  It would be inconsistent with all of the above caselaw and with the jurisdictional statutes to suggest that a district court may exercise "discretionary" jurisdiction in a way that renders that "discretion" absolute and unreviewable.  If the Klinks wish to further delay this litigation by pursuing this argument, they must do so via a motion to dismiss, which would, if it were granted, be reviewable on appeal.

**III.** **<u>CONCLUSION</u>**

The Third Circuit has proclaimed that the Declaratory Judgment Act "should have a liberal interpretation." United States v. Commonwealth, supra, 923 F.2d 1071 at 1074, quoting Exxon Corp. v. Federal Trade Commission, 588 F.2d 895, 900 (3d Cir. 1978). For all of the reasons set forth herein, this Court should exercise its discretion in favor of jurisdiction over this removed case.

          Respectfully submitted,

          BRITT, HANKINS, SCHAIBLE & MOUGHAN

BY: _____
      Teresa Ficken Sachs
      Attorneys for Defendant
      Attorney I.D. No.: 41136

      Suite 515, Two Penn Center Plaza
      15th & JFK Boulevard
      Philadelphia, PA   19102
      (215) 569-6900

## CERTIFICATE OF SERVICE

I certify that a copy of the Response of Defendant, State Farm Mutual Automobile Insurance Company, In Opposition to Motion for Remand was mailed this day by regular U.S. mail to the below listed counsel:

        Peter I. Daniele, Esquire
        1730 Forest Creed Drive
        Blue Bell, PA 19422

        _____
        Teresa Ficken Sachs

Date : _____